**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thelma McConnell, | No. CV-18-03461-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's concurrent applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income under the Social Security Act ("Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of the decision, and the Court now considers Plaintiff's Opening Brief (Doc. 10, "Pl. Br."), the Commissioner's Response Brief (Doc. 15, "Def. Br."), Plaintiff's Reply Brief (Doc. 16, "Reply"), and the Administrative Record (Doc. 9, "R."). For the following reasons, the Court will affirm the decision.

**I.    BACKGROUND**

Plaintiff filed her applications on April 11, 2014, alleging disability as of July 1, 2013.[1] (R. at 20.) The Commissioner denied the applications initially and upon reconsideration. (*Id.*) Plaintiff requested a hearing before an administrative law judge

---

[1] Plaintiff previously filed applications for benefits and received a final denial by an ALJ on November 16, 2012. (R. at 20.) Here, the ALJ found Plaintiff rebutted the presumption of continued disability by showing "changed circumstances indicating a greater disability," *see Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). (*Id.*)

("ALJ"), which was held on July 14, 2016. (*Id.*) The ALJ issued a written decision (*Id.* at 20–31) that was upheld by the Appeals Council and thus final (*Id.* at 1–3). Therein, the ALJ found Plaintiff had "severe" impairments of arthritis, degenerative disc disease, and affective disorder. (*Id.* at 23.) He found Plaintiff had the residual functional capacity ("RFC") to perform work at the "light" exertional level as defined in 20 C.F.R. § 404.1567(b) with the following exceptions.[2] (*Id.* at 26.) Plaintiff could: stand or sit for 6 hours in an 8-hour workday; occasionally push and/or pull with the right lower extremity; occasionally climb; and frequently balance, stoop, kneel, crouch, and crawl. (*Id.*) Moreover, Plaintiff could have no concentrated exposure to extreme cold, wetness, humidity, vibration, or hazards. (*Id.*) Lastly, Plaintiff could only carry out simple tasks requiring no more than occasional interaction with the public, coworkers, or supervisors. (*Id.*) Based on the testimony of a vocational expert ("VE"), the ALJ found Plaintiff could perform work as a housekeeper or router and was therefore not "disabled." (*Id.* at 30–31.)

## II. LEGAL STANDARD

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g), which provides that a reviewing court may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the decision only when it is not supported by "substantial evidence" or is based on legal error. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* at 674–75. However, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the

---

[2] This case is governed by 20 C.F.R. Part 404, which governs Title II claims, and 20 C.F.R. Part 416, which governs Title XVI claims. Because the respective regulations are substantively identical, the Court will only cite to Part 404 for brevity.

Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* at 675. The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [the ALJ] did not rely." *Id.* The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

To determine whether a claimant is "disabled" under the Act, the ALJ employs a five-step sequential evaluation. In brief, the ALJ must determine whether the claimant: (1) is "doing substantial gainful activity"; (2) has a "severe" medically determinable impairment or combination of impairments that has lasted more than 12 months; (3) has an impairment that "meets or equals" an impairment listed in appendix 1 of subpart P of 20 C.F.R. § 404; (4) can perform "past relevant work" based on his or her RFC; and (5) "can make an adjustment to other work" based on his or her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four until it shifts to the ALJ at step five. *Molina*, 674 F.3d at 1110.

## III. ANALYSIS

### A. The RFC assessment is supported by substantial evidence.

Plaintiff alleges that the ALJ's assessment of her physical and mental RFC is not supported by substantial evidence because he failed to consider certain evidence and impairments. (Pl. Br. at 15–19.) Regarding the physical RFC, Plaintiff argues that the ALJ failed to consider or acknowledge that she: (1) "suffers from more significant degenerative disc disease in her neck and back than he acknowledged"; (2) "has been diagnosed with peripheral neuropathy"; (3) "has been prescribed and used a cane"; and (4) "is obese, increasing her pain and limitations." (*Id.* at 16.) Regarding the mental RFC, Plaintiff argues that because the ALJ gave "significant weight" to the opinion of Dr. Robbin Potter, a consultative psychological examiner, he was required to either include Dr. Potter's limitations in the RFC or explain why he did not. (*Id.* at 19.)

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ assesses the RFC based on "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3); *see generally* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). The claimant bears the burden of proving disability and is "responsible for providing the evidence [the ALJ] will use to make a finding about [her] residual functional capacity." 20 C.F.R. §§ 404.1512(a)(1), 404.1545(a)(3); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). "[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotations and citation omitted). "When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8p, at *1.

**1. Substantial evidence supports the ALJ's determination of the severity of Plaintiff's degenerative disc disease.**

With regards to Plaintiff's degenerative disc disease and arthritis, the ALJ found that "available evidence of record showed that while these impairments resulted in more than minimal limitations with her ability to perform work related activities they did not result in disabling limitations." (R. at 27.) The ALJ found that objective medical findings, including various X-rays and MRIs, "showed only mild to moderate findings." (*Id.*) Upon a review of the record as a whole, the Court finds that ALJ's interpretation of the evidence was "rational" and supported by substantial evidence.[3]

///

///

---

[3] In arguing that the ALJ should have found her degenerative disc disease more severe, Plaintiff cites various medical records. (Pl. Br. at 17 (citing R. at 423–24, 448, 805).) However, none suggest that her degenerative disc disease was more severe than what the ALJ found. For instance, Plaintiff cites to an April 7, 2015 X-ray, which showed only "[v]ery mild degenerative spurring at the L3-L4 and L4-L5 levels." (R. at 805.)

## 2. Substantial evidence supports the non-necessity of an assistive walking device.

The ALJ noted that Plaintiff stated she "needed the cane for support for her back and legs and because she had problems with balance," but did not include the use of an assistive walking device in the RFC. (*Id.* at 27, 59.) Plaintiff testified she has used such a device for three or four years and that it was prescribed by a treating source. (*Id.* at 27, 58–60.) However, when Plaintiff presented for a consultative examination with Dr. Mark Binette, he noted that she had a "normal gait" without her walker or any other assistive device.[4] (*Id.* at 597.) He noted that Plaintiff "seemed to walk slower" with the walker because she "appeared to be struggling with the maneuvering of the device." (*Id.*) He opined that the walker was not medically necessary and that "she ambulates better without the device than with it." (*Id.* at 596–97.) Another consultative examiner, Dr. Angel Gomez, noted that Plaintiff "ambulate[d] to and from the room at a normal pace"; had a "normal gait, toe walk, heel walk and tandem walk"; and "was able to hop with each foot." (*Id.* at 615.) Dr. Gomez did not note the use of an assistive device. The psychological examiner, Dr. Potter, likewise noted Plaintiff "walked without difficulty." (*Id.* at 582.) Therefore, substantial evidence supports the ALJ's RFC assessment.

## 3. The ALJ did not err in failing to discuss Plaintiff's peripheral neuropathy and obesity.

While evidence establishes that Plaintiff is obese (*Id.* at 546, 595, 615) and has peripheral neuropathy (*Id.* at 1602), neither in her application nor at the hearing did Plaintiff allege that either of these conditions cause specific functional limitations relating to her ability to work. In her application, Plaintiff listed only arthritis, osteopenia, depression, bipolar disorder, diabetes, and high blood pressure as conditions that limited her ability to work. (*Id.* at 281.) At the hearing, Plaintiff testified that she has not been able to work due to "back problems, leg problems, head problems, migraine headaches, [and

---

[4] Plaintiff testified to using both a cane and a walker for support while walking. (R. at 59.) She testified that she opts for the walker because she can use it as a seat. (*Id.* at 59–60.)

being unable to] deal with society." (*Id.* at 54.) Thus, the ALJ had no basis to find that Plaintiff's obesity and peripheral neuropathy had any adverse effect on her ability to work. As such, the ALJ did not err for failing to explicitly address these conditions in the RFC. *See* SSR 96-8p at *1.

### 4. Substantial evidence supports the mental RFC.

As previously discussed, the ALJ considers *all* relevant evidence in assessing the RFC–not just the opinion of one doctor–and need not discuss every piece of evidence. 20 C.F.R. § 404.1545(a)(3); *Howard*, 341 F.3d at 1012. Additionally, the ALJ is charged with resolving conflicts in or between medical opinions. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Merely because the ALJ did not adopt a particular opinion in its entirety– here, Dr. Potter's (*Id.* at 581–93)–does not render the RFC unsupported by substantial evidence where substantial evidence supports the RFC. Specifically, there is substantial evidence in the record to support the ALJ's rational finding that Plaintiff is able to "carry out simple tasks requiring no more than occasional interaction with the public, coworkers, or supervisors." (*Id.* at 26, *see id.* at 24–25, 28 (citing evidence).)

### B. The ALJ properly discounted Plaintiff's subjective allegations.

Plaintiff alleges that substantial evidence does not support the ALJ's finding that her pain and symptoms were not as severe as alleged. (Pl. Br. at 20–22.) First, Plaintiff argues that, in discussing the medical evidence, the ALJ fails to discuss her "multiple pain treatments and injections with specialists, medications prescribed, location and duration of her pain, aggravating and alleviating factors, more recent objective test results[, and] diagnoses." (*Id.* at 21.) Second, Plaintiff argues that the ALJ "simply lists medical evidence claimed to be supportive of the RFC determination without specifically identifying any inconsistency between Plaintiff's assertions and evidence in the record." (*Id.* at 22.) Third, Plaintiff argues that negative findings of "distress" during appointments with her doctor are "irrelevant" as mere general assessments of how she presented on the days of her appointments and that the ALJ ignored her "repeated complaints of pain, difficulty walking, numbness in her feet, [and] the positive findings of straight leg raising tests,

limited range of motion, weakness and antalgic gait." (*Id.* at 21–22.) Lastly, Plaintiff argues that since the ALJ had already determined that her medically determinable impairments could reasonably produce her symptoms, she was not required to substantiate the severity of her symptoms with medical evidence. (*Id.* at 22.)

Absent evidence of malingering, an ALJ may only discount a claimant's subjective allegations for reasons that are "specific, clear and convincing." *Molina*, 674 F.3d at 1112. General findings are not sufficient. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ may consider: "(1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).

Here, the ALJ found that "available objective medical evidence of record, which showed only mild to moderate findings, was remarkably inconsistent with [Plaintiff's] subjective allegations of disabling limitations." (R. at 27.) He concluded the same from treatment and examination notes. (*Id.*) The ALJ noted, in particular, that Plaintiff's allegations were "inconsistent with observations and reports made by treating and examining sources," who "routinely observed and reported that [Plaintiff] was no in distress, no acute distress, or no apparent distress." (*Id.* at 28.) He "expect[ed]" that these sources "would observe and report levels of distress similar to [Plaintiff's] subjective allegations regarding the frequency and severity of her disabling pain." (*Id.*) Moreover, the ALJ found that "[d]espite her subjective allegations of disabling back and lower extremity

pain, [Plaintiff] indicated she went outside daily and traveled by walking" and "maintained the ability to live by herself and perform activities of daily living independently." (*Id.*)

As an initial matter, though the ALJ distinguished objective medical findings, treatment records, and notations by physicians, the Court finds that all constitute "objective medical evidence." *See* 20 C.F.R. §§ 404.1502(f) ("Objective medical evidence means signs, laboratory findings, or both."), 404.1502(g) ("Signs means one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from [a claimant's] statements (symptoms)."). Thus, the ALJ effectively discounted Plaintiff's subjective allegations for two reasons: (1) a lack of support from objective medical evidence and (2) inconsistency with reported activity level. In her Opening Brief, Plaintiff only alleges error with respect to the former but not the latter. Therefore, any challenge to the ALJ's decision with regards to the latter is waived. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."); *James Joseph S. v. Saul*, No. 18-CV-217-FVS, 2019 WL 3781436, at *5 (E.D. Wash. Aug. 12, 2019) (finding plaintiff waived challenge to issue of daily activities where, although he responded to it in his reply brief, he had not raised it as an issue in his opening brief).[5]

Turning to Plaintiff's arguments, the Court finds each unpersuasive. As discussed in the previous section, substantial evidence supports the ALJ's RFC assessment. The ALJ rationally found that the objective medical evidence did not support greater limitations. While a claimant need not support the severity of her symptoms with objective medical evidence once the ALJ determines that she has established the existence of a medically determinable impairment reasonably expected to produce the alleged symptoms, 20 C.F.R. § 404.1529(b), a lack of supportive objective medical evidence is, nevertheless, a relevant factor. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). Merely a factor, though,

---

[5] While the Court may, at its discretion, permit an exception to the ordinary waiver rule, *see U.S. v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992), Plaintiff has not requested one. In addition, Plaintiff proffers no thoroughly developed argument regarding the waived issues in the Reply. (*See* Reply at 9–10.)

- 8 -

it is not sufficient *on its own* to support a finding that a claimant's symptoms are less severe than alleged. *Id.* Here, however, the ALJ properly discounted Plaintiff's subjective allegations because they were *both*: (1) unsupported by objective medical evidence *and* (2) inconsistent with her reported activity level–a finding which Plaintiff did not timely and adequately challenge. As such, the Court finds no error.

**C. The ALJ's Findings At Step Five Are Supported By Substantial Evidence.**

Plaintiff argues that the ALJ's findings at step five–that she could perform work as a housekeeper or router–are not supported by substantial evidence because the ALJ failed to comply with SSR 00-4p. (Pl. Br. at 19–20.)

SSR 00-4p, in pertinent part, provides:

> *When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT.*[6] In these situations, *the adjudicator will*:
>
> *Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT*; and
>
> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

*Id.* at *4 (emphasis added). Here, a VE testified that Plaintiff could perform work as a housekeeper or router. (R. at 70–72.) At no point did the ALJ ask the VE if her testimony was consistent with the DOT.

The Court finds no reversible error. Because a VE provided testimonial evidence about the requirements of a job or occupation, the ALJ had an affirmative duty to inquire about any possible conflict between the VE's testimony and the DOT under SSR 00-4p. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007) (holding that SSR 00-4p

---

[6] "DOT" refers to the *Dictionary of Occupational Titles* published by the Department of Labor. SSR 00-4p at *1. The Commissioner takes administrative notice of job data in the DOT. 20 C.F.R. § 404.1566(d)(1).

requires an ALJ to inquire whether a VE's testimony conflicts with the DOT before relying on such testimony). The ALJ did not make that inquiry here and therefore erred. However, Plaintiff fails to show any harm resulting from the error, *e.g.*, through identification of a specific conflict between the VE's testimony and the DOT for which there was no reasonable explanation. *See Molina*, 674 F.3d at 1111 ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.") (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Additionally, "[a]n ALJ may take administrative notice of any reliable job information, including information provided by a VE." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "A VE's recognized expertise provides the necessary foundation for his or her testimony [and] no additional foundation is required." *Id.* Thus, the VE's testimony constitutes substantial evidence to support the ALJ's findings at step five.

**IT IS THEREFORE ORDERED affirming** the decision of the Commissioner and directing the Clerk of Court to enter judgment accordingly and to terminate this case.

Dated this 17th day of March, 2020.

Douglas L. Rayes
United States District Judge